FILED
United States Court of Appeals
Tenth Circuit

May 18, 2021

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

SHAWN P. WILLIAMS,

    Defendant - Appellant.

No. 20-1453
(D.C. No. 1:00-CR-00348-LTB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MORITZ**, **BALDOCK**, and **KELLY**, Circuit Judges.[**]
_____

Defendant-Appellant was convicted of seven counts of mailing threatening communications in violation of 18 U.S.C. § 7876. Before Defendant began serving the 78-month sentence imposed by the district court, Defendant filed a motion for compassionate release. Defendant requested release based on being high-risk for COVID related complications. The district court denied the motion. Although the district court determined Defendant presented an extraordinary and compelling reason

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument.

for release, it concluded that the § 3553(a) factors do not support a sentence modification. *See* 18 U.S.C. § 3553(a). This appeal followed. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

A district court may grant a motion for compassionate release when the court finds: (1) extraordinary and compelling reasons warrant a sentence reduction; (2) such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission; and (3) the factors set forth in 18 U.S.C. § 3553(a) support early release. *See* 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021). If any one of these prerequisites is lacking, the district court may deny the motion without addressing the other factors. *Id.* at 1043.

We review the district court's decision to deny compassionate release for an abuse of discretion. *United States v. Williams*, 2021 WL 1148456, at * 2 (10th Cir. Mar. 25, 2021) (unpublished). Under such standard, we will uphold the district court's ruling unless it relied on an incorrect conclusion of law or clearly erroneous finding of fact. *United States v. Pinson*, 835 F. App'x 390, 394 (10th Cir. 2020) (unpublished). Defendant has not pointed us to any error of law or fact in the district court's order. Defendant's sole argument is that "[t]he district court unreasonably balanced the § 3553(a) factors in this particular case." But it is not our role to "reweigh the factors and come to a different conclusion than the district court," and "disagreement with how the district court balanced § 3553(a) factors is insufficient to establish an abuse of discretion." *Williams*, 2021 WL 1148456, at *3.

2

Because the district court did not rely on a faulty premise of law or a clearly erroneous finding of fact, we discern no reversible error. Where the district court accurately analyzes an issue, we see no useful purpose in writing at length. Therefore, exercising jurisdiction under 28 U.S.C. § 1291, we AFFIRM for substantially the same reasons set forth in the district court's order denying Defendant's motion for compassionate release.

Entered for the Court


Bobby R. Baldock
Circuit Judge